THE STATE OF NEW JERSEY, v. MATTHEW J. DONOHUE, JR., DEFENDANT.

Bergen County Court
Law Division—Criminal

Decided June 10, 1964.

*Mr. Francis X. Burke,* Assistant Prosecutor, argued the cause for the State of New Jersey (*Mr. Guy W. Calissi,* Prosecutor, attorney).

*Mr. James A. Major* attorney for defendant.

MARINI, J. C. C. A motion was made by the defendant herein for an order to dismiss the indictment on the ground that it does not set forth a crime under the laws of the State of New Jersey.

The indictment charges the defendant with obtaining money under false pretenses from one James Young, contrary to the provisions of *N. J. S.* 2A:111–1. The indictment reads as follows:

"The Grand Jurors of the State of New Jersey, for the County of Bergen, upon their oaths present that
MATTHEW J. DONOHUE, JR.
on or about, during and between the 1st day of October, 1958 to on or about the 27th day of October, 1958, in the Borough of Rutherford, in the County of Bergen aforesaid, and within the jurisdiction of this Court, intending to cheat and defraud JAMES YOUNG did then and there unlawfully, knowingly and designedly falsely represent and pretend to the said JAMES YOUNG that he the said MATTHEW J. DONOHUE, JR. could secure and obtain the admission to the Louisiana Bar for the said JAMES YOUNG without his taking a legal and proper examination and test as required by law, and that

upon said admission the said JAMES YOUNG would have the status of an Attorney at Law and could practice law in the State of Louisiana, whereas in truth and in fact as the said MATTHEW J. DONOHUE, JR. then and there well knew he the said MATTHEW J. DONOHUE, JR. could not secure and obtain the admission to the Louisiana Bar for the said JAMES YOUNG without his taking a legal and proper examination and test as required by law, as he the said MATTHEW J. DONOHUE, JR. then and there so falsely, knowingly and fraudulently represented and pretended; and that by means of the said false representations and pretenses, the said JAMES YOUNG being deceived thereby, the said MATTHEW J. DONOHUE, JR. then and there unlawfully, knowingly and designedly did obtain of and from the said JAMES YOUNG the money of the said JAMES YOUNG to the amount and value of $4,200.00 with intent to cheat and defraud the said JAMES Young thereof, contrary to the provisions of N. J. S. 2A:111–1, and against the peace of this State, the government and dignity of the same."

The defendant contends that the allegations in the indictment taken to be true for the purpose of this motion do not set forth a false promise or a false statement or representation but rather a claim of ability to produce a certain result and therefore no tangible evidence of an attempt to deceive. Defendant further contends that in order to justify a claim that the statute was violated, it is necessary that the alleged false pretense or promise be not absurd and incredible in itself. *State v. Vanderbilt,* 27 *N. J. L.* 328 (*Sup. Ct.* 1959).

It will be observed from a reading of the indictment that part of the alleged false representation is "that he the said Matthew J. Donohue, Jr. could secure and obtain the admission to the Louisiana Bar for the said James Young without his taking a legal and proper examination and test as required by law."

The indictment makes it abundantly clear that if the allegations of the indictment are true both the defendant and James Young were engaged in a conspiracy to violate the laws of the State of Louisiana or to corrupt some person or persons for the purpose of having the said James Young illegally admitted to the bar of the State of Louisiana.

The question then arises as to whether or not under these circumstances one conspirator can be charged with having

fraudulently obtained money by false pretenses from the other conspirator on an allegation that the other conspirator was "deceived thereby."

 *N. J. S.* 2A:111–1 by its wording was primarily designed to protect people, particularly the gullible, from being cheated as the result of false promises and representations. It certainly was not designed to make it possible for a coconspirator to claim he was cheated where the defendant is charged with claiming to bring about an illegal result with the knowledge and consent of the coconspirator. As the court held in *State v. Vanderbilt, supra*:

"* * * a verbal pretence, sufficient to impose upon the individual to whom it is made, with an intent to cheat and defraud, and which may induce him to part with his property or give credit, is an offence within the statute, *provided* the pretences used are not absurd and incredible in themselves."

It is certainly "absurd" and "incredible" that a person who enters into an illegal agreement can claim or be held to have been deceived and cheated thereby.

It is certainly "absurd" and "incredible" that a person who desires to become a member of the bar of any state would believe that he could become such a member without taking a legal and proper examination and test as required by law.

It is well to note that in the alleged misrepresentations or statements made by the defendant, the defendant does not claim to be a member of the board of bar examiners or other official pretending or claiming to have some ability to issue a certificate of admission.

It is further well to note that there is no representation charged against the defendant wherein he claims to bring about the admission to the bar of Mr. Young in any way other than through illegal or corrupt means.

The allegations of the indictment make it abundantly clear that if any offense was committed, it was an illegal agreement between the defendant and James Young, for the purpose of corrupting officials of the State of Louisiana, and that the

defendant obtained money for that purpose from James Young. As heretofore stated, this would constitute a conspiracy between the defendant and Young, for which they would be subject to indictment.

If the court were to approve this indictment it would be putting the stamp of approval on any illegal or corrupt agreement as the basis for a charge of obtaining money under false pretenses. For instance, it would be ridiculous, if the conspiracy is unsuccessful, to charge somebody with obtaining money under false pretenses because a corrupt agreement was entered into to rig bids for public works or to corrupt some public official into doing an illegal act.

As a further example, suppose A obtains from B the advance of some money on the representation that A and B would participate in a holdup which would result in obtaining a large sum of money, such as a company payroll. If the amount stolen was disappointing, would B be in a position to claim that his money was obtained by the false pretenses of A and, even if it was false, would the State entertain such a claim? The answer is rather obvious. The State would indict both for the holdup.

The State cites *State v. Pasquale*, 5 *N. J. Super.* 91 (*App. Div.* 1949), to sustain its position. In that case the defendant was convicted of obtaining a sum of money claiming that through his influence he could obtain the dismissal of charges pending before the Board of Commissioners of the City of Hoboken. This case can be distinguished from the present situation. In the first place, there is nothing to indicate what the charges were, but whatever they were, it may well be that the person deceived had a right to have them dismissed if he was not guilty of the offense and it is also obvious that many people could be deceived by such a promise.

In the indictment under consideration, it states that the said James Young would be admitted to the Louisiana bar without the said James Young's "taking a legal and proper examination and test as required by law." There is nothing in the *Pasquale* case to indicate that kind of situation.

■ It is the opinion of this court, therefore, that the allegations in the indictment do not set forth an offense pursuant to *N. J. S.* 2A:111–1, even though under the allegations, undoubtedly a different crime, namely conspiracy, is set forth, which would make both individuals named subject to indictment.

An order to dismiss said indictment may be submitted.